KENNINGTON REALTY CO., UNION DEPARTMENT STORE CO., R. E. KENNINGTON CO., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7834–7837.   Promulgated October 28, 1927.

1. The petitioners were entitled to make a consolidated income and profits-tax return for each of the fiscal years and for the fiscal period involved.

2. Payments made to certain employees who were owners of record of shares of stock of the petitioners in the circumstances of

this proceeding, were dividends and should not be deducted from income as compensation of employees.

3. Insufficient evidence upon which to disturb respondent's computation of prewar invested captial.

*Henry J. Richardson, Esq.*, for the petitioners.
*J. Harry Byrne, Esq.*, for the respondent.

The respondent asserts deficiencies in income and profits tax as follows: Kennington Realty Co., for the fiscal year ended January 31, 1920, $125.61; Union Department Store Co., for the fiscal year ended January 31, 1920, $7,169.67; and R. E. Kennington Co., for the fiscal years ended January 31, 1919, January 31, 1920, and the fiscal period February 1, 1920, to May 31, 1920, in the respective amounts of $6,043.03, $27,918.08, and $3,685.41, or a total of $44,941.80. The petitioners claim (1) that they should be permitted to file consolidated income and profits-tax returns for each of the years and period in question, and (2) that certain credits on stock accounts of employees represent compensation to such employees and are proper deductions from income for the years in which made. By agreement of counsel the three cases with four docket numbers were consolidated for hearing and decision.

### FINDINGS OF FACT.

The petitioner, R. E. Kennington Co., during the taxable years and period here involved, was a Mississippi corporation with its principal office at Jackson, where it was engaged in the wholesale and retail merchandising business. It was incorporated on February 4, 1916, and was the successor of an individual business theretofore conducted by R. E. Kennington. At the date of its incorporation it acquired all the assets and assumed all the liabilities of the predecessor individual enterprise and paid R. E. Kennington therefor $20,500 in cash and its preferred and common stock shares of the par value of $100 each in the respective amounts of 1,000 and 995 shares. All shares had equal voting powers and the preferred shares in addition to the usual preferences provided for cumulative dividends at the rate of 15 per cent per annum with the condition that all such deferred dividends should draw 6 per cent per annum from date due to date of payment.

The petitioner, Union Department Store Co., during the taxable years and period here involved, was a Mississippi corporation with its principal office at Jackson, where it was engaged in the general merchandising business. It was incorporated on February 4, 1916, and was the successor of an individual business theretofore conducted by R. E. Kennington. At the date of its incorporation it acquired

all the assets and assumed all the liabilities of the predecessor individual enterprise and paid R. E. Kennington therefor the amount of $1,139.52 cash; and its preferred and common stock shares of the par value of $100 each in the respective amounts of 300 and 296. All such shares had equal voting powers and the preferred shares in addition to the usual preferences provided for cumulative dividends at the rate of 15 per cent per annum with the condition that all deferred dividends should draw 6 per cent interest per annum from due date to date of payment.

The petitioner, Kennington Realty Co., during the years and period here involved, was a Mississippi corporation with its principal office at Jackson, where it was the owner of certain real estate. It was incorporated in 1911, at which date all its capital stock, 400 shares of the par value of $100 each, except certain qualifying shares, was issued to R. E. Kennington in exchange for real estate.

Subsequent to incorporation but prior to the taxable years and period here involved, R. E. Kennington transferred certain shares of the common stock of the R. E. Kennington Co. theretofore issued to him as follows: to R. G. Kennington, 250 shares; to A. B. Cook, 100 shares; to J. C. Battaile, 50 shares; and to C. L. Dickson, 50 shares. At the same time he transferred stock of the Union Mercantile Co. theretofore issued to him as follows: to R. G. Kennington, 60 shares; to A. B. Cook, 25 shares; and to K. Walker, 50 shares.

The above-described transfers of common stock were evidenced by proper entries on the books of the respective corporations and by the issue of stock certificates each of which had the following contract duly signed, printed on the back thereof:

The agreement, entered into this ——— day of ————, 19—, by and between R. E. Kennington, of Jackson, Mississippi, party of the first part, and ———, of Jackson, Mississippi, as party of the second part,
Witnesseth:

That, whereas, the said R. E. Kennington, party of the first part, has caused to be transferred and issued to the party of the second part, the annexed certificate for ——— shares of the common stock in the ———, of Jackson, Mississippi, as a gratuity for the purpose of stimulating the efforts of the party of the second part, as an employe in said corporation.

Now, therefore, for and in consideration thereof, I, ———, the party of the second part, bind and obligate myself, at any time after February 1st, next, on demand of the said R. E. Kennington, party of the first part, to re-convey said stock, or such part thereof as he may require, to the said R. E. Kennington, party of the first part, upon the payment to me in cash of the net value thereof, as shown by the books of said Company as of February 1st preceding such demand. That the value of said stock, as shown by the books of the Company, as of the date aforesaid, when approved by the Executive Committee of the Company, shall be conclusive on the parties hereto, and anyone claiming under them or either of them.

And the said R. E. Kennington, party of the first part, binds and obligates himself, whenever demand is made upon him so to do by ———, the party of the second part, to purchase from the party of the second part, at any time after February 1, next, and pay for, in cash, said ——— shares of stock, or such part thereof as the party of the second part may demand that he purchase; and the said party of the first part further binds and obligates himself to pay for said stock, in cash, the net book value thereof, as shown by the books of the Company as aforesaid. It is understood and agreed, however, that in arriving at the net book value of said stock, the value of the good will of said business, and trade marks, etc., shall not be considered, but shall be excluded.

It is further understood and agreed that the party of the second part binds and obligates himself not to sell, assign, hypothecate or deliver said stock, or any portion thereof, to any other person, firm or corporation.

WITNESS our signature this, the day and year above written.

Resulting from the stock interests acquired as above set forth the following amounts were received by the holders of such stock of R. E. Kennington Co. during the taxable years and period here involved:

|  | Fiscal year 1919 | Fiscal year 1920 | Fiscal period May 31, 1920 |
|---|---|---|---|
| R. G. Kennington | $13,587.55 | $32,849.88 | $5,984.72 |
| A. B. Cook | 5,435.02 | 13,139.95 | 2,992.36 |
| J. C. Battaile | 2,717.51 | 6,569.97 | 1,795.43 |
| C. L. Dickson | 2,717.51 | 6,569.98 | |

Resulting from stock interests acquired as above set forth the following amounts were received by the holders of such gratuity stock of the Union Department Store Co.

|  | Fiscal year 1919 | Fiscal year 1920 |
|---|---|---|
| R. G. Kennington | $3,122.65 | $6,975.94 |
| K. F. Walker | 2,602.21 | 5,813.29 |
| A. B. Cook | 1,301.10 | 2,906.65 |

The amounts paid to holders of the gratuity stock were determined by first ascertaining the net earnings of the respective companies from the periods for which payments were to be made. From the net earnings of each company the amount of the preferred stock dividend was subtracted and the remainder was divided among the holders of the gratuity stock of each company in the proportion of their stockholdings to the entire amount of outstanding common stock. In the time here involved neither petitioner paid any dividends on its common stock owned by R. E. Kennington.

During the fiscal years and fiscal period involved the issued stock of the petitioners was held in the following percentages:

| | R. E. Kennington Co. | Union Department Store Co. | Kennington Realty Co. |
|---|---|---|---|
| | Per cent | Per cent | Per cent |
| R. E. Kennington | 77½ | 77½ | 100 |
| R. G. Kennington | 12½ | 10 | |
| A. B. Cook | 5 | 4⅙ | |
| J. C. Battaile | 2½ | | |
| C. L. Dickson | 2½ | | |
| K. F. Walker | | 8⅓ | |
| | 100 | 100 | 100 |

All the common stock except that standing in the name of R. E. Kennington was held subject to the provisions of the contract on the back of the gratuity stock certificates.

The three petitioners made consolidated income and profits-tax returns for the fiscal years and fiscal period here involved and in each year deducted from gross income as compensation paid to employees the amounts paid to holders of the so-called gratuity stock certificates. Upon audit the Commissioner held that the petitioners were not affiliated, disallowed the amounts paid on account of gratuity stockholdings as ordinary and necessary expenses, made certain adjustments in statutory invested capital and determined the deficiencies here in controversy.

During the fiscal years 1919 and 1920 R. G. Kennington received annual salaries from R. E. Kennington & Co. and the Union Department Store Co. in the respective amounts of $3,600 and $1,200; K. F. Walker received a salary of $4,000 per year from the Union Department Store Co.; C. L. Dickson received a salary of $3,300 per year from R. E. Kennington & Co.; and A. B. Cook and J. C. Battaile received salaries from one or both corporations in amounts not disclosed by the record.

For several years prior to the transfers of stock above set forth it was the practice of the R. E. Kennington Co. and the Union Department Store Co. to pay each of the employees to whom such stock was issued an extra compensation or bonus during or at the close of each year. After the issue of stock to such employees the payment of extra compensation was discontinued.

OPINION.

LANSDON: The petitioners herein claim the right to file consolidated income and profits-tax returns for the fiscal years and period here involved and rely for authority so to do on section 240 (b) of the Revenue Act of 1918 which provides: "For the purpose of this section two or more domestic corporations shall be deemed to be affiliated * * * (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests." The evi-

dence discloses that R. E. Kennington was owner of record and in fact of 77½ per cent, 77½ per cent and 100 per cent respectively, of the three petitioners. In addition to his actual ownership of these percentages of the stock he exercised control of the remainder by virtue of the contract under which the so-called gratuity stock was issued to various employees of the three petitioners. We are of the opinion that the petitioners were entitled to affiliation for income and profits-tax purposes during the taxable years and taxable period involved. *Appeal of Midland Refining Co.*, 2 B. T. A. 292; *Appeal of Wright Cake Co.*, 2 B. T. A., 58; *Paris Cloak, Suit & Millinery House* v. *Commissioner*, 5 B. T. A. 189.

The second contention of the petitioners is that the amounts paid to the owners of the so-called gratuity stock were not dividends resulting from distribution of corporate earnings but in fact were bonuses or additional compensation for services rendered and therefore were deductible as ordinary and necessary expenses from gross income of the several petitioners in the respective years in which such payments were made. To sustain this issue the petitioners rely on the fact that as the holders of the gratuity stock paid nothing therefor and had no investment therein, the payments received can not be regarded as dividends and on the further fact that such stock was held under the terms of a contract that authorized R. E. Kennington to recall and cancel it at any time on payment of its book value. The record discloses that except for the limitations of the contract the gratuity stock was the absolute property of the employees to whom it was issued. They could vote it and they could and did receive distributions of corporate earnings ratably as to their holdings. That no dividends were paid on the common stock held by R. E. Kennington is not material since by unanimous agreement of all stockholders, corporations may distribute earnings to stockholders other than ratably on the basis of stock holdings. *Joseph Goodnow & Co.*, v. *Commissioner*, 5 B. T. A. 1154; 6 Fletcher on Corporations p. 6114, sec. 3674; C. J. 815; *Breslin* v. *Fries-Breslin* Co., 70 N. J. L. 274; 58 Atl. 313, 318. The petitioners also argue that the distributions or payments in question were not made as a result of corporate action declaring dividends. Inasmuch as each of the petitioners was a close corporation controlled by one man and that the distributions in question were computed and paid by an officer of the R. E. Kennington Co., it may be presumed that such action, though informal, was authorized by the corporation. We are of the opinion that the payments in question were distributions and that the amount thereof should be added to the gross income of the respective petitioners for each of the years and period here involved. Cf. *Appeal of Hamilton Manufacturing Co.*, 3 B. T. A. 1045.

11340°—28——68

The evidence adduced in support of the petitioners' allegation that the Commissioner erred in the computation of the prewar invested capital of the individual concern afterwards incorporated as the three petitioners is insufficient to serve as a basis for any findings of fact.

*Judgment will be entered on 10 days' notice, under Rule 50.*

Considered by STERNHAGEN and ARUNDELL.